DA 10-0234

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 249N

IN THE MATTER OF:

M.D.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADJ 98-113-Y
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Elizabeth Thomas, Attorney at Law; Missoula, Montana

    For Appellee:

    Steve Bullock, Montana Attorney General; Tammy K Plubell,
Assistant Attorney General; Helena, Montana

Submitted on Briefs:  September 29, 2010

Decided:  November 30, 2010

Filed:

_____
Clerk

W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    M appeals the termination of his parental rights. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    M is the father of M.D. It is undisputed that M.D. has been sexually assaulted. M merely alleges that he is not the offender. M.D. was six years old when she informed her mother that her father had sexually assaulted her. Her mother then reported the incident to the Department of Health and Human Services. Social worker, Nikki Wilkins (Wilkins), interviewed M.D. During that interview, M.D. disclosed that she and M had touched each other's "tutus," a term she associated with male and female genitalia. M.D. then described the events of forced intercourse. The District Court concluded that these comments were about her father.

¶4    Barbara Bottomly (Bottomly) is M.D.'s ongoing therapist. Bottomly testified that she also conducted a psychosexual assessment of M.D. and that M.D. disclosed that she had been sexually abused by her father. Bottomly also testified that M.D. demonstrates sexualized behaviors consistent with a sexually abused child. Bottomly testified that

after nearly two years of counseling, the only person M.D. has ever named as the perpetrator of sexual abuse is her father.

¶5 Donna Zook (Zook) conducted a psychosexual evaluation of M. Zook also reviewed the video of M.D.'s interview with Wilkins. Zook then testified that M.D.'s statements to Wilkins were coerced because the questions in the forensics interview were leading such that it appeared M.D. had a script.

¶6 Michael Sullivan (Sullivan) conducted a second psychosexual evaluation of M. Sullivan concluded that M could not be eliminated as a possible sexual offender. Sullivan based his opinion on reports of previous sexual abuse, including M.D.'s statements during her interview with Wilkins and other physical reports that evidenced physical damage to M.D. was brought on by continuous penetration. Sullivan did not believe, as Zook did, that M.D.'s statements had been coerced.

¶7 The District Court found that M.D.'s statements were credible, plausible, very consistent, and indicative that the child was telling the truth. The District Court also found that the "concerns" Zook testified to do not outweigh the testimonies of Sullivan and Bottomly. The District Court terminated M's parental rights under § 41-3-609(d), MCA, because M had subjected M.D. to aggravated circumstances.

## STANDARD OF REVIEW

¶8 This Court reviews a district court's order on termination of parental rights for an abuse of discretion. *In re C.M.C.*, 2009 MT 153, ¶ 19, 350 Mont. 391, 208 P.3d 809. A court acts arbitrarily when it acts without employment of conscientious judgment or in

3

excess of the bounds of reason resulting in substantial injustice. *Id.* Findings of fact are reviewed under the clearly erroneous standard. *Id.*

## DISCUSSION

¶9 The court may order termination of the parent-child legal relationship upon a finding established by clear and convincing evidence . . . that . . . the parent has subjected a child to aggravated circumstances. Section 41-3-609(1)(d), MCA. Aggravated circumstances include sexual abuse or severe neglect. Section 41-3-423(2)(a), MCA.

> In cases involving the termination of parental rights, clear and convincing proof is simply a requirement that a preponderance of the evidence be definite, clear, and convincing, or that a particular issue must be established by a preponderance of the evidence or by a clear preponderance of the proof. This requirement does not call for unanswerable or conclusive evidence. The quality of proof, to be clear and convincing, is somewhere between the rule in ordinary civil cases and the requirement of criminal procedure--that is, it must be more than a mere preponderance but not beyond a reasonable doubt.

*In re Matter of E.K.*, 2001 MT 279, ¶ 32, 307 Mont. 328, 37 P.3d 690.

¶10 M argues that M.D.'s testimony was the only evidence identifying that M was the offender and that M.D's disclosures were not clear and convincing evidence. He further argues that Dr. Zook's testimony is substantial evidence that M.D.'s testimony may have been coerced. However, the facts to support this case do not hinge on M.D.'s disclosure in her forensics interview. M.D. told her mother and at least two credible witnesses, Wilkins and Bottomly, that her father was the person who had sexually abused her. M does not argue that M.D. was not abused, or that M.D. did not in fact disclose to her mother, Wilkins, or Bottomly that she was assaulted by her father. The District Court was presented with clear and convincing evidence when M.D. stated in an interview that

4

her father was the perpetrator. This evidence is further supported by testimonies from Sullivan, Bottomly, and Wilkins that attest to the likely truth of M.D.'s disclosure.

¶11 M presented, through the testimony of Zook, competing philosophies on post-sexual abuse investigation. While Zook criticized the investigatory methods of Wilkins, Zook's theory that M.D. was actually coerced into accusing M of sexual abuse is not supported by evidence. Even though Zook's testimony may offer a reasonable doubt that M.D.'s multiple consistent accounts of abuse may have been coerced, a reasonable doubt is insufficient to establish that the District Court abused its discretion. M has not overcome the preponderance of clear and convincing evidence supporting the conclusion that M sexually abused M.D. Therefore, the District Court did not abuse its discretion in terminating M's parental rights.

¶12 We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE

5